IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JULIE A. SU, Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ASCENT CONSTRUCTION, INC., a Utah corporation, BRADLEY L. KNOWLTON, an individual, ASCENT CONSTRUCTION, INC. EMPLOYEE STOCK OWNERSHIP PLAN, an employee benefit plan, and ASCENT CONSTRUCTION INC 401K PLAN, an employee benefit plan,<br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS<br><br><br>Case No. 1:23-cv-0047-TS-DAO<br><br>Judge Ted Stewart<br><br>Magistrate Judge Daphne A. Oberg |

On February 5, 2024, the Court issued an Order to Show Cause ordering Defendants to show cause as to why they had failed to file an Amended Answer, which was due January 29, 2024, and why the Court should not impose sanctions, including and up to entry of default judgment. Defendants were given fourteen (14) days from the date of the Order to file a response.

On February 21, 2024, Defendants filed an Amended Answer and a Response to the Order to Show Cause.[1] Defendants failed to provide any explanation as to why their Amended Answer was not filed by January 29, 2024, as was agreed to by the parties and ordered by the Court on January 12, 2024.[2]

---

[1] Docket Nos. 83, 84.

[2] Docket Nos. 63, 64.

Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order." Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[3]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the [plaintiff]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[4]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[5] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[6] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they

---

[3] Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii).

[4] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[5] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[6] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

represent criteria for the district court to consider [before] imposing dismissal as a sanction."[7] The Court considers each factor below.

1. Degree of actual prejudice to Plaintiff

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[8] Defendants failure to promptly engage in litigation and comply with the Court's orders has interfered with Plaintiff's ability to obtain a resolution to their Complaint. Therefore, this factor weights in favor of default judgment.

2. Amount of interference with the judicial process

The Court finds that Defendants' actions have interfered with the judicial process. Defendants' failure to timely file their Amended Answer and subsequent failure to show cause as to why they failed to do so comes against the backdrop of a pending Motion for Sanctions[9] against Defendants for their failure to respond to Plaintiff's interrogatories that were initially served in August 2023. Even after the Magistrate Judge granted Plaintiff's Motion to Compel on

---

[7] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function.") (citation omitted); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

[8] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

[9] Docket No. 68.

December 20, 2023, Defendants failed to timely respond.[10] Defendants have interfered with the judicial process by continuing to disregard the Court's orders and by failing to participate in the litigation. This factor, therefore, weighs in favor of default judgment.

3. *Litigant's culpability*

Defendant's culpability is evident in its failure to respond to the Court despite being warned that failure to show cause as to why it failed to timely file its Amended Answer could result in sanctions. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful misconduct."[11] It has further defined a "'willful failure' [to mean] 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need by shown.'"[12] Defendants failed to timely file their Amended Answer by January 29, 2024, and failed to provide any explanation as to this failure after the Court issued the Order to Show Cause. The Court finds that these failures were intentional and finds that this factor weighs in favor of default judgment.

4. *Whether the Court warned noncomplying litigant that default judgment was a likely sanction*

The Court warned Defendants that their failure to respond to the Order to Show Cause could result in terminating sanctions. This factor weights in favor of default judgment.

5. *Efficacy of lesser sanctions*

The Court finds that lesser sanctions would be inadequate. Defendants have continually refused to participate in this litigation and comply with the Court's orders. This factor weighs in

---

[10] Docket No. 57.

[11] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[12] *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628–29 (10th Cir. 1987)).

favor of default judgment. Considering the factors above, the Court finds that default judgment is appropriate.

It is therefore

ORDERED that Plaintiff provide a proposed default judgment within fourteen (14) days of this Order. It is further

ORDERED that Plaintiff's Motion for Sanctions (Docket No. 68) is DENIED as moot.

DATED this 28th day of February, 2024.

BY THE COURT:

_____
TED STEWART
United States District Judge